JUAN MARÍA IRIZARRY, demandante y apelado, *v.* RAMÓN VILLANUEVA, demandado y apelante.

Núm. 9887.—*Sometido:* Junio 2, 1949. *Resuelto:* Junio 13, 1949.

*Hon. Procurador General Vicente Géigel Polanco* y *Carlos J. Faure, Procurador General Auxiliar,* abogados del apelante; *E. Pérez Casalduc,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Juan María Irizarry radicó ante la Corte de Distrito de Arecibo una petición de *injunction,* en la que sustancialmente alega:

Que la Asamblea Municipal de Arecibo decretó por ordenanza que las fiestas patronales se celebrarían en dicha ciudad del 23 de abril al 2 de mayo de 1948; que de acuerdo con las autoridades municipales él ha establecido en las plazas y vías públicas de Arecibo varias "picas", consistentes en hipódromos de caballitos manipulados por manivela; que el demandado en su carácter de Jefe de la Policía de aquel distrito le ha amenazado con ocupar y confiscar las "picas" mencionadas si él continúa funcionándolas, impidiéndole de este modo el desarrollo de un negocio en que ha invertido sumas considerables de dinero.

El demandado contestó negando las alegaciones fundamentales de la petición y suscitando ciertas defensas especiales. Fué el pleito a juicio y, luego de oír la prueba de ambas partes, la corte inferior dictó sentencia decretando el auto permanente solicitado. De la misma apeló el demandado. En apelación alega tan sólo que la corte inferior erró al decidir que los juegos explotados por el demandante eran legales dentro de los términos de las Leyes 25 de 1927 y 63 de 1938.

█ La sección 1ra. de la Ley 25 de 23 de abril de 1927 (pág. 167), según fué enmendada por la Ley 63 de 4 de mayo de 1938 (pág. 182), ·textualmente copiada provee:

"Queda terminantemente prohibido el establecimiento de las llamadas 'picas' mediante la extracción de bolos e hipódromos de caballitos manipulados por manivela, *excepto durante las fiestas patronales de los diversos pueblos y conforme a la reglamentación que dispongan las respectivas asambleas municipales, las cuales, por la presente, quedan facultadas para reglamentar la materia; Disponiéndose,* que las asambleas municipales aprobarán ordenanzas definiendo las fiestas patronales y fechas en que éstas se llevarán a cabo en cada uno de los municipios; *Disponiéndose, además,* que la autoridad de las asambleas municipales quedará limitada a los días de fiestas patronales reconocidos tradicionalmente; *Disponiéndose, también,* que el término de fiesta no excederá de diez días en el curso de un año natural." (Bastardillas nuestras.)

Podrá verse que por esa ley se prohibe de manera terminante el establecimiento de las llamadas "picas" mediante la extracción de bolos e hipódromos de caballitos manipulados por manivela. Igualmente, que la ley contiene una excepción a virtud de la cual se permite el establecimiento de tales "picas" e hipódromos de caballitos durante las fiestas patronales de los diversos pueblos y conforme a la reglamentación que dispongan las respectivas asambleas municipales. Además, que dicha ley dispone que las asambleas municipales deberán aprobar ordenanzas definiendo las fiestas patronales y las fechas en que las mismas se llevarán a cabo; que la autoridad de dichas asambleas queda limitada a los días de fiestas patronales reconocidos tradicionalmente y que tales fiestas no excederán de diez días en el curso de un año natural.

██ Admitió el demandado en el presente caso que la asamblea municipal de Arecibo aprobó una ordenanza declarando que las fiestas patronales de San Felipe se celebrarían allí desde el 23 de abril hasta el 2 de mayo, ambos días inclusives. Asimismo, que el demandante fué facultado para establecer "picas" e hipódromos de caballitos manipulados por manivela en las plazas y vías públicas de la ciudad. Lo que sí no admitió el demandado fué que el demandante estuviera explotando tales "picas" e hipódromos de caballitos de acuerdo con la ley.

Es innegable que la Asamblea Legislativa tiene plenos poderes para prohibir los juegos de azar. Es igualmente innegable que dicha asamblea tiene facultad para autorizar ciertos juegos de azar, permitiendo que los mismos sean establecidos o explotados mediante el cumplimiento de determinados requisitos. También es innegable que la Asamblea Legislativa, al prohibir de manera terminante el establecimiento de algunos juegos de azar, puede hacer excepciones y autorizar que los mismos sean establecidos y explotados, siempre que se cumplan determinados requisitos. Esta es la situa-

ción en el caso de autos. La Ley 63 de 1938 prohibe el establecimiento y explotación de las "picas" e hipódromos a que ella alude, pero hace una excepción y permite que los mismos sean establecidos durante el período de fiestas patronales y conforme a la reglamentación que dispongan las asambleas municipales. Excepciones de esta naturaleza deben ser interpretadas restrictivamente y han de ser cumplidas a cabalidad para poderse disfrutar de ellas. Para gozar de la excepción establecida por la Ley 63 de 1938, no sólo es necesario que las asambleas municipales de los respectivos municipios aprueben una ordenanza fijando los días en que de acuerdo con la tradición deben celebrarse las fiestas patronales dentro de los límites territoriales del municipio, sino que es menester que dichas asambleas aprueben reglamentación al efecto. Al autorizar la excepción, la ley usa la conjunción copulativa "y", cuyo oficio, como es sabido, es el unir palabras o cláusulas en concepto afirmativo. Por tanto, la ausencia de cualquiera de esos requisitos taxativos impide que se pueda disfrutar de la excepción establecida por la ley. En el presente caso se cumplió con todos los requisitos exigidos por la Ley 63 para poder acogerse a la excepción, excepto que no se aprobó reglamentación alguna en relación con el establecimiento de las "picas" e hipódromos. No demostrando la prueba que se aprobara tal reglamentación por la asamblea municipal de Arecibo, el demandante no tenía derecho a establecer "picas" e hipódromos de caballitos, ni por ende, a impedir mediante injunction que el Jefe de la Policía del distrito le prohibiera la explotación de las mismas.

▇▇ La Asamblea Legislativa de Puerto Rico claramente puede delegar en las asambleas municipales la facultad de aprobar reglamentación para implementar las leyes aprobadas por ella. *Pueblo* v. *Arce,* 67 D.P.R. 253, 255. La ausencia de tal reglamentación, sin embargo, no significa que la ley que la autoriza no tenga toda su validez ni toda su eficacia. Y cuando en un caso como el que nos ocupa la facul-

80

tad para aprobar la reglamentación se concede como parte de una excepción a la prohibición contenida en la ley, entonces ésta surte todos sus efectos, mas no así la excepción por no haberse cumplido con los requisitos que dan derecho a gozar de la misma.

█ En ausencia de prueba demostrativa de que la asamblea municipal de Arecibo ha reglamentado el establecimiento de las "picas" e hipódromos a que hace referencia la Ley 63, supra, hay que concluir que no se ha dado cumplimiento a los términos de la misma en su totalidad. En su consecuencia, el demandado actuó acertadamente al prohibir que el demandante explotara las "picas" e hipódromos de caballitos por él establecidos en las plazas y calles del municipio de Arecibo.

*Debe revocarse la sentencia apelada y declararse sin lugar la petición, con costas al demandante.*